**Hugh HENRY, a/k/a Hugh Harold Henry, Petitioner–Appellee,**

v.

**Charles J. SCULLY, Superintendent, Green Haven Correctional Facility, and Dennis C. Vacco, Attorney General of the State of New York, Respondents–Appellants.**

No. 930, Docket 95–2528.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1996.

Decided March 4, 1996.

---

Thomas B. Litsky, Assistant District Attorney of New York County, New York City (Robert M. Morgenthau, District Attorney and Marc Frazier Scholl, Assistant District Attorney, New York City, of counsel), for Respondents–Appellants.

Barry D. Leiwant, the Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Petitioner–Appellee.

Before: MAHONEY, WALKER and CALABRESI, Circuit Judges.

PER CURIAM:

Respondents-appellants Charles J. Scully, Superintendent of the Green Haven Correctional Facility, and Dennis C. Vacco, Attorney General of the State of New York,[1] appeal from a judgment entered July 26, 1995 in the United States District Court for the Southern District of New York, Kimba Wood, *Judge*, that granted the petition of petitioner-appellee Hugh Henry for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he was denied effective assistance of counsel at his trial. Henry was convicted in 1981 of criminal sale of a controlled substance in the first degree and possession of a controlled substance in the first degree in violation of N.Y.Penal Law §§ 220.43 and 220.21, and sentenced to concurrent prison terms of fifteen years to life.

The district court found that Henry was denied effective assistance of counsel at his trial because his counsel (1) failed to object to the admission in evidence *against Henry* of his codefendant's confession and to the trial court's instruction that the jury could consider that confession as evidence against Henry; (2) failed to object to damaging hearsay testimony; and (3) failed to request a missing witness charge with respect to a confidential informant who did not testify at trial. On appeal, respondents-appellants contend that these asserted deficiencies were consistent with a trial strategy to engage in a straight credibility contest with the prosecution's witnesses, and in any event that the case against Henry was so strong that he cannot establish prejudice even if his counsel's performance is deemed deficient. *See Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984).

---

1. Dennis C. Vacco has been substituted as a party for Robert Abrams pursuant to Fed. R.Civ.P. 25(d) and Fed.R.App.P. 43(c).

We affirm the judgment of the district court substantially for the reasons set forth in the opinion of the district court, *see Henry v. Scully,* 918 F.Supp. 693 (S.D.N.Y.1995), and in the report and recommendation of Magistrate Judge Nina Gershon, *see Henry v. Scully,* 91 Civ. 7632 (KMW), slip op. (S.D.N.Y. Apr. 24, 1995). First, defense counsel's failure to object to (a) the admission, against Henry, of a codefendant's confession; (b) the prosecutor's reference to the confession as implicating Henry; and (c) the trial court's instruction that the jury could consider the confession as evidence against Henry, could not have been part of any meaningful defense strategy of which we can conceive, notwithstanding the government's after-the-fact claim to the contrary. Second, because the absence of any drugs on Henry's person at his arrest (contrary to the testimony of the one police officer who implicated him) was Henry's strongest point at trial, defense counsel's failure to object to hearsay testimony used by the prosecution to explain away this fact was incomprehensible as a defense strategy. Finally, although the failure to request a missing witness charge, when the prosecution failed to call the informant, was perhaps not as egregious as the first two errors, counsel should have made such a request because there was no downside to doing so and there was a potential benefit to be gained. In any event, we express no view regarding whether one or two of these errors would have constituted ineffective assistance, for the aggregate effect of these three instances of inaction by defense counsel convinces us that the magistrate judge and district judge were correct in finding that Henry received ineffective assistance of counsel.